1  O'MELVENY & MYERS LLP
Stephen H. Warren (State Bar No. 136895)
2  Marc Feinstein (State Bar No. 158901)
Karen Rinehart (State Bar No. 185996)
3  Jordan A. Weber (State Bar No. 326711)
400 South Hope Street
4  Los Angeles, California 90071-2899
Telephone:    (213) 430-6000
5  Facsimile:    (213) 430-6407
swarren@omm.com
6  mfeinstein@omm.com
jweber@omm.com
7
Attorneys for Plaintiff
8  Beijing SouFun Science and Technology
Development Co., Ltd.
9

10              **UNITED STATES BANKRUPTCY COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
11               **SAN FERNANDO VALLEY DIVISION**

12
In re:                                    |  Bankruptcy No. **1:23−bk−10733−MB**
13
**YAO LIN,**                               |  Chapter 7
14
              Debtor.                      |  Hon. Martin R. Barash
15
_____        |
16
**BEIJING SOUFUN SCIENCE AND**            |  Adversary Proceeding No. _____
17  **TECHNOLOGY DEVELOPMENT CO.,**
**LTD.,**
18
              Plaintiff,                   |  **COMPLAINT OBJECTING TO THE**
19                                          |  **DISCHARGE OF CERTAIN DEBTS**
                                           |  **UNDER 11 U.S.C. § 523 AND SEEKING**
20  v.                                      |  **TO DENY DEBTOR'S DISCHARGE**
                                           |  **UNDER 11 U.S.C. § 727**
21  **YAO LIN,**
22
              Defendant.
23

24

25

26

27

28

COMPLAINT OF BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.,
OBJECTING TO DISCHARGE AND SEEKING TO DENY DEBTOR YAO LIN'S DISCHARGE

1.     Plaintiff Beijing SouFun Science and Technology Development Co., Ltd. ("**Plaintiff**" or "**SouFun**") complains of defendant Yao Lin (the "**Debtor**," "**Lin**," or "**Defendant**"), and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff is a corporation, organized and existing under the laws of the People's Republic of China with its principal place of business in Beijing.

3.     Lin is the debtor in the above-captioned chapter 7 bankruptcy case, having filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), on May 29, 2023 (the "**Petition Date**").  Lin is an individual residing in the County of Los Angeles, State of California, and a contingent beneficiary and backup trustee to the Shinewoods Trust.

4.     This Court has jurisdiction over the subject matter of and parties to this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5.     This action arises under the Bankruptcy Code, and arises in and relates to the chapter 7 bankruptcy case of the Debtor.

6.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O).

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409, as Debtor's underlying bankruptcy case is pending before the Court.

8.     The first date set for the meeting of creditors under Bankruptcy Code section 341(a) was July 10, 2023.

## FACTUAL ALLEGATIONS

***A.  Plaintiff Obtains a Foreign Arbitration Award Against Defendant and Reduces the Final Award to Judgment in the United States.***

9.     On September 16, 2015, Plaintiff entered into an Agreement on Settlement of Outstanding Amount and the Termination of Nominee Holding the Final Award (the "**Termination Agreement**") with Allscore Payment Services Co., Ltd. ("**Allscore**"); Beijing Zhonghan Hailian Assets Management Co., Ltd. ("**Hailian**"); and Nanning Xuyin Business Co.,

COMPLAINT OF BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.,
OBJECTING TO DISCHARGE AND SEEKING TO DENY DEBTOR YAO LIN'S DISCHARGE

Ltd. ("**Xuyin**").  Under the Termination Agreement, Allscore and Hailian are jointly and severally liable for payment of an outstanding principal amount and liquidated damages amount owed to Plaintiff in connection with a prior 2014 contractual agreement.

10.    Additionally, on September 16, 2015, Plaintiff entered into a Guarantee Contract (the "**Guarantee Contract**") with Lin, Beijing Longhe Trading Co. Ltd. ("**Longhe**") and Xuyin. Under the Guarantee Contract, Lin and Longhe are jointly and severally liable for all obligations borne by Allscore and Hailian under the Termination Agreement.

11.    After Allscore failed to make payments in accordance with the Termination Agreement—and Lin, Hailian, and Longhe failed to satisfy those payments in accordance with their guarantor obligations under the Termination Agreement and Guarantee Contract—Plaintiff submitted a breach of contract claim for arbitration before the China International Economic and Trade Arbitration Commission ("**CIETAC**") on or around January 23, 2018.

12.    On September 6, 2019, the arbitration tribunal issued a final award ("**Final Award**") in favor of Plaintiff and against Lin.

13.    On March 23, 2023, the United States District Court for the Central District of California (the "**District Court**") granted Plaintiff's Petition for Confirmation, Recognition, and Enforcement of Foreign Arbitration Award (the "**Enforcement Petition**"), and entered judgment on April 12, 2023 for $21,165,155.97, plus pre-judgment interest (the "**Domestic Judgment**").

**B.  *Defendant Fraudulently Transfers Assets to His Wife Jia Chen.***

14.    Upon information and belief, Lin transferred substantially all of his assets to his wife, Jia Chen ("**Chen**"), who then subsequently transferred Lin's assets to a revocable living trust, the Shinewoods Trust.  These transferred assets include, but are not limited to, several multi-million dollar real property assets located in Malibu, California.

15.    Upon information and belief, Chen, who at all relevant times has been and continues to be the wife of Lin, is an individual residing in Malibu, California and is a trustee of the Shinewoods Trust.  At the July 10, 2023 meeting of creditors, Lin testified that he is a beneficiary of the Shinewoods Trust and a backup trustee.

2

COMPLAINT OF BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.,
OBJECTING TO DISCHARGE AND SEEKING TO DENY DEBTOR YAO LIN'S DISCHARGE

16.     The real properties transferred from Lin to Chen include, without limitation, the assets set forth in the fraudulent transfer complaint attached as Exhibit A hereto.

17.     Lin engaged in multiple transfers of assets with actual intent to hinder, delay, and/or defraud Plaintiff and its attempts to exercise its right to collect from Lin the amounts owed under the Final Award.

18.     Upon information and belief, Lin transferred valuable assets, including the real property assets located in Malibu, to Chen through multiple transactions and failed to receive a reasonably equivalent value in exchange for the transfers made or obligations incurred.  Chen paid no consideration for the transfers of the 31663 Broad Beach Road or 27487 Latigo Bay View properties set forth in Exhibit A hereto.

19.     Lin engaged in, or purported to engage in, transfers and assumed obligations involving Lin's assets where Lin retained possession or control of the property after the transfer. These transfers and obligations include, but are not limited to, transfers to trusts as to which Lin is serving, or has served, as trustee or beneficiary, including the Shinewoods Trust.

20.     Upon information and belief, Lin engaged in, or purported to engage in, transfers and assumed obligations involving Lin's assets where the transfer or conveyance was concealed.

21.     Upon information and belief, Lin engaged in, or purported to engage in, transfers and assumed obligations involving Lin's assets at a time when Lin had been sued or threatened with suit.

22.     Upon information and belief, Lin engaged in, or purported to engage in, transfers and assumed obligations where the alleged transfers and assumed rights encompassed substantially all of Lin's assets.

23.     Upon information and belief, Lin engaged in transfers to remove and conceal assets that would otherwise be available to satisfy the Domestic Judgment.

24.     Upon information and belief, Lin engaged in transfers and assumed obligations that made him insolvent, or caused him to become insolvent shortly after the transfers were made.

COMPLAINT OF BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.,
OBJECTING TO DISCHARGE AND SEEKING TO DENY DEBTOR YAO LIN'S DISCHARGE

25.    Upon information and belief, Lin engaged in transfers involving his assets shortly before a substantial debt was incurred.

26.    As a result of these fraudulent transfers, Plaintiff has been damaged by being deprived of having Lin's assets available to satisfy the Domestic Judgment.

27.    Lin's actions have been, and continue to be, malicious, oppressive, and willful, and engaged in with conscious disregard for Plaintiff's rights.

**C.  *Plaintiff Files Fraudulent Transfer Action Against Lin***

28.    On September 16, 2022, Plaintiff filed an action against Lin, Chen, and the Shinewoods Trust in Los Angeles Superior Court (Case No. 22STCV30434) to recover the fraudulent transfers.  Attached as <u>Exhibit A</u> is a copy of Plaintiff's fraudulent transfer complaint.

29.    Plaintiff's fraudulent transfer action was stayed by the commencement of the Debtor's chapter 7 bankruptcy case.

**D.  *Lin Fraudulently Transfers Approximately $800,000 From His Bank Accounts Immediately Prior to or After Filing For Bankruptcy.***

30.    Upon information and belief, on or about May 26, 2023, Lin had approximately $800,000 in multiple bank and brokerage accounts with East West Bank, located in Encino, California ("**East West Accounts**").  Upon information and belief, Lin was the account holder and signer of the East West Accounts.

31.    On May 29, 2023, Lin filed his bankruptcy petition and failed to disclose any of these East West Accounts.

32.    Upon information and belief, shortly before or immediately after Lin filed for bankruptcy, Lin transferred, or otherwise caused to be transferred, all of the money in the East West Accounts.

33.    Upon information and belief, Lin emptied East West Accounts in an attempt to place assets beyond the reach of Plaintiff.

34.    Upon information and belief, Lin was insolvent at the time of any transfers out of the East West Accounts or would become insolvent as a result of the transfers.

35.     Upon information and belief, Lin engaged in the transfers to remove and conceal assets that would otherwise be available to satisfy the Domestic Judgment.

36.     As a result of the fraudulent transfers, Plaintiff has been damaged by being deprived of Lin's assets that could have been used to satisfy the Domestic Judgment.

37.     Lin's actions have been, and continue to be, malicious, oppressive, and willful, and engaged in with conscious disregard for Plaintiff's rights.

**E. Lin Makes Fraudulent Statements and Omissions in Communications With Plaintiff, the Court, and Other Creditors Immediately After Filing Bankruptcy.**

38.     After the Petition Date, on the schedules of assets filed under penalty of perjury with this Court in connection with his chapter 7 bankruptcy case, Lin did not list the East West Accounts or any of the assets transferred to Chen and then to the Shinewood Trust.

39.     Lin, under oath, at the meeting of creditors held pursuant to section 341 of the Bankruptcy Code, admitted to having accounts at East West Bank, but denied having any funds in those accounts or having recently transferred any funds out of those accounts.

40.     Upon information and belief, Lin knowingly made false and misleading statements under oath regarding his assets and recent transfers of assets.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Exception to Discharge Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code)

41.     Plaintiff repeats and incorporates by reference each and every allegation of Paragraphs 1 through 40 as though fully set forth in this claim for relief.

42.     The transfers of property described above in Paragraphs 14–27 were actually fraudulent as to Plaintiff as they were made to hinder Plaintiff's collection of its debt owed by Defendant.

43.     The transfers of property described above in Paragraphs 30–37 were actually fraudulent as to Plaintiff as they were made to hinder Plaintiff's collection of its debt owed by Defendant.

COMPLAINT OF BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.,
OBJECTING TO DISCHARGE AND SEEKING TO DENY DEBTOR YAO LIN'S DISCHARGE

44.     As a proximate cause of the aforementioned fraudulent transfers, Plaintiff was damaged in an amount believed to be no less than the value of the assets that were fraudulently transferred, the exact amount of which will be proven at the time of trial.  Damages also include attorneys' fees and costs.

45.     The Debtor's actual fraud in connection with these fraudulent transfers is an exception to discharge to the extent of those transfers under section 523(a)(2)(A) of the Bankruptcy Code.

**Second Claim for Relief**

**(Exception to Discharge Pursuant to Section 523(a)(6) of the Bankruptcy Code)**

46.     Plaintiff repeats and incorporates by reference each and every allegation of Paragraphs 1 through 45 as though fully set forth in this claim for relief.

47.     In making the fraudulent transfers of property described above in Paragraphs 14–27, Defendant willfully and maliciously injured Plaintiff and/or the property of Plaintiff.

48.     In making the fraudulent transfers of property described above in Paragraphs 30–37, Defendant willfully and maliciously injured Plaintiff and/or the property of Plaintiff.

49.     The Debtor's willful and malicious conduct caused Plaintiff injury in connection with the fraudulent transfers, and such conduct creates an exception to discharge to the extent of those transfers under section 523(a)(6) of the Bankruptcy Code.

**Third Claim for Relief**

**(Denial of Discharge Pursuant to Section 727(a)(2) of the Bankruptcy Code)**

50.     Plaintiff repeats and incorporates by reference each and every allegation of Paragraphs 1 through 49 as though fully set forth in this claim for relief.

51.     In or in connection with this bankruptcy case, the Debtor, with intent to hinder, delay, or defraud Defendant and/or other creditors, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (a) the Debtor's property, within one year before the Petition Date; and/or (b) property of the estate, after the Petition Date.

52.     By reason of the foregoing, Defendant's discharge should be denied pursuant to section 727(a)(2) of the Bankruptcy Code, including without limitation any discharge of the Domestic Judgement.

**Fourth Claim for Relief**

**(Denial of Discharge Pursuant to Section 727(a)(4)(A) of the Bankruptcy Code)**

53.     Plaintiff repeats and incorporates by reference each and every allegation of Paragraphs 1 through 52 as though fully set forth in this claim for relief.

54.     In this bankruptcy case, the Debtor submitted his sworn statement in which the Debtor knowingly and fraudulently made a false oath.

55.     Among other things, the Debtor failed to disclose all of his bank accounts, including the East-West Accounts.  The Debtor also failed to identify assets transferred out of his name but in which he still enjoyed beneficial control.  Upon information and belief, the Debtor knowingly and fraudulently omitted these material facts from his petition in this chapter 7 case.

56.     By reason of the foregoing, Defendant's discharge should be denied pursuant to section 727(a)(4)(A) of the Bankruptcy Code, including without limitation any discharge of the Domestic Judgment.

**Fifth Claim for Relief**

**(Denial of Discharge Pursuant to Section 727(a)(5) of the Bankruptcy Code)**

57.     Plaintiff repeats and incorporates by reference each and every allegation of Paragraphs 1 through 56 as though fully set forth in this claim for relief.

58.     The Debtor has failed to explain satisfactorily a material loss of assets or deficiency of assets to meet the Debtor's liabilities, including without limitation (a) the transfers of a substantial majority of Defendant's assets during or soon after the entry of the Final Award by CIETAC or (b) the dissipation of amounts held in the East-West Accounts immediately prior to or after the Petition Date.

COMPLAINT OF BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.,
OBJECTING TO DISCHARGE AND SEEKING TO DENY DEBTOR YAO LIN'S DISCHARGE

59.    By reason of the foregoing, Defendant's discharge should be denied pursuant to section 727(a)(5) of the Bankruptcy Code, including without limitation any discharge of the Domestic Judgement.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A.    That all debts and obligations owed to Plaintiff by Defendant, including the Domestic Judgment, be declared nondischargeable in this and any subsequent bankruptcy filing by Defendant;

B.    That Defendant's discharge be denied for the reasons set forth herein;

C.    For recovery of damages in an amount to be established at trial representing monetary and other damages arising from Defendant's conduct described above, plus all interest, costs and attorneys' fees allowable by law; and

D.    For such other and further relief as the Court deems appropriate.

DATED: September 7, 2023               O'MELVENY & MYERS LLP

                                       /s/  Karen Rinehart

                                       Stephen H. Warren
                                       Marc Feinstein
                                       Karen Rinehart
                                       Jordan A. Weber
                                       *Attorneys for Plaintiff*

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 09/16/2022 04:25 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 1:23-ap-01036-MB    Doc 1    Filed 09/07/23    Entered 09/07/23 21:57:45    Desc
Main Document    Page 11 of 48

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

MARC FEINSTEIN (S.B. #158901)
mfeinstein@omm.com
SHERIN PARIKH (S.B. #301890)
sparikh@omm.com
KAITIE FARRELL (S.B. #341259)
kfarrell@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, California 90071-2899
Telephone:    +1 213 430 6000

RONALD SLATES (S.B. #43712)
rslates2@rslateslaw.com
RONALD P. SLATES, P.C.
500 South Grand Avenue
Suite 2010
Los Angeles, California
Telephone:    +1 213 624 1515

Attorneys for Plaintiff
Beijing SouFun Science and Technology
Development Co., Ltd.

J. STEVEN BINGMAN (S.B. #156847)
jsbingman@aol.com
LAW OFFICES OF J. STEVEN
BINGMAN
6528 Greenleaf Avenue
Suite 103
Whittier, California
Telephone:    +1 213 489 8123

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Beijing SouFun Science and Technology Development Co., Ltd., a People's Republic of China corporation,<br><br>Plaintiff,<br><br>v.<br><br>Yao Lin, an individual; Jia Chen, an individual; Yao Lin, as Trustee of the Shinewoods Trust; Jia Chen, as Trustee of the Shinewoods Trust; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No.    22STCV30434<br><br>UNLIMITED JURISDICTION<br><br>**COMPLAINT FOR:**<br>**1. VOIDABLE TRANSACTION, CAL. CIV. CODE § 3439.04(a)(1)**<br>**2. VOIDABLE TRANSACTION, CAL. CIV. CODE § 3439.04(a)(2)**<br>**3. VOIDABLE TRANSACTION, CAL. CIV. CODE § 3439.05**<br>**4. COMMON LAW FRAUDULENT CONVEYANCE**<br>**5. CONSPIRACY TO COMMIT FRAUDULENT CONVEYANCE**<br>**6. AIDING AND ABETTING FRAUDULENT CONVEYANCE** |

**INTRODUCTION**

1.      This suit arises from Defendant Yao Lin's concerted and unlawful attempts to avoid paying debts owed to Plaintiff Beijing SouFun Science and Technology Development Co., Ltd. pursuant to a final arbitration award.

2.      On September 6, 2019, Plaintiff obtained a final arbitration award (the "Final Award") issued by an arbitration panel in accordance with the China International Economic and Trade Arbitration Commission ("CIETAC") against Defendant Yao Lin ("Lin") for an amount more than 140,597,571.30 (currently $20,286,786.13).  However, after these debts were incurred and during the pendency of the arbitration, Lin transferred substantially all of his assets to his wife, Jia Chen ("Chen"), who then subsequently transferred several multi-million dollar real property assets to a revocable living trust, the Shinewoods Trust.

3.      Lin has transferred these assets in an attempt to hinder, delay or avoid his debts to Plaintiff.  Each of these purported transfers was invalid and orchestrated to defraud Plaintiff as Lin's creditor.

**THE PARTIES**

4.      Plaintiff is a corporation, organized and existing under the laws of the People's Republic of China with its principal place of business in Beijing.

5.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Yao Lin is an individual residing in Malibu, California and, upon information and belief, is a trustee of the Shinewoods Trust.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Jia Chen, who at all relevant times has been and continues to be the wife of Lin, is an individual residing in Malibu, California.  Plaintiff is informed and believes, and on that basis alleges, that several multi-million dollar real property assets that were transferred by Lin and/or Chen during the pendency of the arbitration or thereafter were acquired during their marriage and are considered community property.  Upon information and belief, Chen is a trustee of the Shinewoods Trust.

7.      Defendant Does 1 through 100, inclusive, are sued herein under fictitious names.

1    Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through

2    100 and therefore sues these defendants by those fictitious names.  Plaintiff will amend this

3    Complaint to include their true names and capacities when ascertained.  Plaintiff is informed and

4    believes, and on that basis alleges, that each of the fictitiously named defendants received a

5    fraudulently transferred asset of Lin and/or fraudulently transferred an asset or ownership of an

6    asset once belonging to Lin to another named defendant or a Doe defendant.

7          8.     Unless otherwise specified: (a) all defendants, named or fictitious, are herein

8    collectively referred to as the "Defendants" and (b) all Doe defendants are herein collectively

9    referred to as "Does."

10    **VENUE AND JURISDICTION**

11          9.     Venue is proper in the Superior Court of California, County of Los Angeles under

12    California Code of Civil Procedure § 395.  Upon information and belief, Defendants Yao Lin and

13    Jia Chen reside in the County of Los Angeles, State of California.

14          10.    The Los Angeles Superior Court has jurisdiction over this action pursuant to the

15    Uniform Voidable Transfers Act ("UVTA"), California Civil Code §§ 3439 *et seq*.  This Court

16    also has jurisdiction to grant relief on Plaintiff's common law claims for fraudulent conveyance,

17    conspiracy to commit fraudulent conveyance, and aiding and abetting fraudulent conveyance.

18    **GENERAL ALLEGATIONS**

19    **I.     FOREIGN ARBITRATION AWARD AGAINST DEFENDANT YAO LIN**

20          11.    On September 16, 2015, Plaintiff entered into an Agreement on Settlement of

21    Outstanding Amount and the Termination of Nominee Holding the Final Award (the

22    "Termination Agreement") with Allscore Payment Services Co., Ltd. ("Allscore"); Beijing

23    Zhonghan Hailian Assets Management Co., Ltd. ("Hailian"); and Nanning Xuyin Business Co.,

24    Ltd. ("Xuyin").  Under the Termination Agreement, Allscore and Hailian are jointly and severally

25    liable for payment of an outstanding principal amount and liquidated damages amount owed to

26    Plaintiff in connection with a prior 2014 contractual agreement.

27          12.    Additionally, on September 16, 2015, Plaintiff entered into a Guarantee Contract

28    (the "Guarantee Contract") with Lin, Beijing Longhe Trading Co. Ltd. ("Longhe") and Xuyin.

- 3 -

Under the Guarantee Contract, Lin and Longhe are jointly and severally liable for all obligations borne by Allscore and Hailian under the Termination Agreement.

13.     After Allscore failed to make payments in accordance with the Termination Agreement—and Lin, Hailian, and Longhe failed to satisfy those payments in accordance with their guarantor obligations under the Termination Agreement and Guarantee Contract—Plaintiff submitted a breach of contract claim for arbitration before CIETAC.

14.     On November 30, 2018 and May 21, 2019, an arbitration tribunal heard the case in accordance with the applicable CIETAC Arbitration Rules.

15.     On September 6, 2019, the arbitration tribunal issued a final award (the "Final Award"), ordering: (i) Allscore to pay Plaintiff principal of the outstanding amount of RMB 55,427,195.39 (currently $7,997,575.27); (ii) Allscore to pay Plaintiff liquidated damages in the amount of RMB 66,784,745.30 (currently $9,636,353.12); (iii) Allscore to pay Plaintiff interest calculated at the lending rate of the People's Bank of China, currently 4.3%, on RMB 82,418,872.85 for the period from September 8, 2017 to the date of actual repayment (currently $2,556,822.40) and interest calculated at the lending rate of the People's Bank of China, currently 4.3%, on RMB 148,794.45 for the period from September 19, 2017 to the date of actual repayment (currently $4,615.95); (iv) Allscore to pay Plaintiff RMB 400,000 (currently $57,715.90) to compensate Plaintiff for attorney fees paid; (v) Lin, Hailian, and Longhe jointly and severally liable for the monetary obligations of Allscore under items (i) – (iv); and (vi) Lin, Allscore, Hailian, and Longhe jointly liable for arbitration fees of RMB 934,328.50 (currently $134,814.01).  The total amount owed under the Final Award is over RMB 140,597,571.30 (currently $20,286,786.13).

16.     On August 19, 2022, Plaintiff filed a Petition for Confirmation, Recognition, and Enforcement of Foreign Arbitration Award with the United States District Court, Central District of California, Western Division, Case No. 2:22-cv-05898.  This action is currently pending before the court.

**II.     FRAUDULENT TRANSFERS**

17.     Plaintiff is informed and believes, and on that basis alleges, that Lin has

transferred assets to Chen, the Shinewoods Trust, and/or Does, and as a result, Lin has

insufficient assets to pay his debts owed to Plaintiff under the Final Award.

18.    Plaintiff is informed and believes, and on that basis alleges, that Lin put assets that

were in his name into the name of Chen, who then transferred those assets to the Shinewoods

Trust.

19.    The assets fraudulently transferred include, but are not limited to:

(a)    Real property located at or near 31663 Broad Beach Road, Malibu,
California 90265, and legally described as: *"Those portions of Lots 4, 5,
and 7 of Tract No. 20658, in the City of Malibu, county of Los Angeles,
State of California, as per map recorded in Book 579, Pages 9 and 10 of
maps, in the Office of the County Recorder of said County; described as
follows: Beginning at the Northeast corner of said Lot 4 thence along the
Easterly line of said Lot 4 South 10° 05' 30" West 82.00 feet to the Easterly
prolongation of the Northerly line of Lot 5; thence along said prolongation
and along said Northerly line North 82° 02' 55" West 76.00 feet to a line
parallel with the Easterly line o [sic] said Lot 5 that passes through point
in the Southerly line of said lot 5 distant North 79° 54' 30' West 76.00 feet
from the Southeast corner of said Lot 4; thence along said parallel line,
South 10° 05' 30" West 100.00 feet to the Southerly line of said lot 5;
thence along said southerly line, North 79° 54' 30" West 10.00 feet to a
point in said Southerly line distant South 79° 64' 30" East 69.00 feet from
the Southwest comer of said Lot 5; thence parallel with the Easterly line of
said Lot 5, North 10° 06' 30" East 99.60 feet to the Northerly line of said
Lot 5; thence Northwesterly, in a direct line South 70° 43' 58" West 39.00
feet from the most Northerly corner of said Lot 7; thence along said
Northwesterly line, North 70° 43' 68" East 39.00 feet to said most
Northerly comer; thence along the Northeasterly line of Lots 7 and 4,
South 66° 28' 30" East 107.11 feet to the point of beginning.  Except*

- 5 -

1    *therefrom all oil, gas, minerals and other hydrocarbon, below a depth of*

2    *600 feet, without the right of surface entry, as reserved in Instrument of*

3    *record.*"  Upon information and belief, on or around March 18, 2019, Lin

4    transferred this property by Grant Deed, with no consideration paid, to

5    Chen, individually, as her sole and separate property.  A true and correct

6    copy of this Grant Deed is attached hereto as **Exhibit 1**.  On or around

7    November 4, 2021, Chen transferred this property by Grant Deed to Jia

8    Chen as the trustee of the Shinewoods Trust.  A true and correct copy of

9    this Grant Deed is attached hereto as **Exhibit 2**.

10        (b)    Real property located at or near 27487 Latigo Bay View Drive, Malibu,

11    California 90265, and legally described as: "*Parcel 1: Lot 10, of Tract No.*

12    *46851, in the City of Malibu, County of Los Angeles, State of California, as*

13    *per map recorded in Book 1171 Pages 62 to 73, inclusive of Maps, in the*

14    *Office of the County Recorder of said County.  Excepting therefrom all*

15    *minerals, oil, petroleum, asphaltum, gas, coal and other thereof, but*

16    *without surface right of entry, as reserved by Marblehead Land Company,*

17    *in deed recorded March 4, 1947 as Instrument No. 1036 in Book 24232,*

18    *Page 380, of Official Records.  Parcel 2: An easement for road purposes*

19    *and ingress and egress over those certain strips of land designated as*

20    *'Private Driveway and Fire Lane' and 'Private Streets', as designated and*

21    *delineated on the map of said Tract No. 46851.*"  Upon information and

22    belief, on or around March 18, 2019, Lin transferred this property by Grant

23    Deed, with no consideration paid, to Chen, individually, as her sole and

24    separate property.  A true and correct copy of this Grant Deed is attached

25    hereto as **Exhibit 3**.  On or around December 16, 2021, Chen transferred

26    this property by Grant deed to Jia Chen as the trustee of the Shinewoods

27    Trust.  A true and correct copy of this Grant Deed is attached hereto as

28    **Exhibit 4**.

- 6 -

20.     Plaintiff is informed and believes, and on that basis alleges, that Lin is in the process of considering transferring the same and other valuable assets to family members or friends for a low value in an attempt to keep his assets out of Plaintiff's reach.  Upon information and belief, these assets include, but are not limited to:

      (a)    Real property located at or near 31663 Broad Beach Road, Malibu, California 90265, and legally described as above.

      (b)    Real property located at or near 27487 Latigo Bay View Drive, Malibu, California 90265, and legally described as above.

      (d)    Real property located at or near 435 Woodbluff Road, Calabasas, California 91302, and legally described as: "*Lot 2 of Tract No. 45168, in the County of Los Angeles, State of California, as per Map recorded in Book 1166, Pages 97 to 99 inclusive of Maps, in the Office of the County Recorder of said County.*"

      (e)    Real property located at or near 2100 East Guinness Court, Bloomington, Indiana 47408, and legally described as: "*The North Half of the Southwest Quarter of Section Number Three (3), Township Number Nine (9) North, Range One (1) West. Containing Eighty (80) acres, more or less.  ALSO, a part of the Southwest Quarter of the Northwest Quarter of Section Three (3), Township Number Nine (9) North, Range One (1) West, described as follows, to-wit: COMMENCING at the Northwest corner of said quarter quarter; thence East Nine Hundred Eighty-three and one-half (983.5) feet; thence South Fifty (50) feet; thence South Twelve (12) degrees and Forty-two (42) minutes West, Thirteen Hundred One and Seven-tenths (1301.7) feet; thence West to the Southwest corner of said quarter quarter; thence North to the Northwest corner of said quarter quarter, the place of beginning, containing Twenty-five (25) acres, more or less.  ALSO, a part of the Southeast Quarter of the Southwest Quarter of Section 3, Township 9 North, Range 1 West, Monroe County, Indiana, being more particularly*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

*described as follows: COMMENCING at the Southwest corner of said*
*quarter quarter marked by a railroad spike, thence NORTH 00 degrees 15*
*minutes 24 seconds WEST (assumed basis of bearings) along the West line*
*of said quarter quarter, 1078.49 feet to the point of beginning marked by a*
*5/8-inch rebar with yellow cap; thence continuing NORTH 00 degrees 15*
*minutes 24 seconds WEST along said West line, 228.09 feet to the*
*Northwest corner of said quarter quarter; thence SOUTH 88 degrees 25*
*minutes 22 seconds EAST along the North line of said quarter quarter,*
*1314.57 feet to the Northeast corner of said quarter quarter; thence*
*SOUTH 00 degrees 15 minutes 24 seconds EAST along the East line of*
*said quarter quarter, 670.55 feet to a 5/8-inch rebar with yellow cap,*
*thence NORTH 59 degrees 28 minutes 13 seconds WEST, a distance of*
*321.26 feet to a 5/8-inch rebar with yellow cap; thence NORTH 66 degrees*
*16 minutes 34 seconds WEST, a distance of271.28 feet [sic] to a 5/8-inch*
*rebar with yellow cap; thence NORTH 75 degrees 22 minutes 56 seconds*
*WEST, a distance of 236.75 feet to a 5/8-inch rebar with yellow cap;*
*thence SOUTH 62 degrees 48 minutes 27 seconds WEST, a distance of*
*90.00 feet to a 5/8- inch rebar with yellow cap; thence NORTH 43 degrees*
*56 minutes 00 seconds WEST, a distance of 115.00 feet to a 5/8-inch rebar*
*with yellow cap; thence NORTH 75 degrees 22 minutes 56 seconds WEST,*
*a distance of 415.49 feet to the point of beginning, containing 12.319*
*acres, more or less.  ALSO KNOW AS TRACT 3 in the plat of Moseman*
*Type "E" Administrative Subdivision recorded June 22, 2005 as Instrument*
*2005011748.*"

25
26

     21.    Plaintiff is informed and believes, and on that basis alleges, that Lin is in the

process of encumbering his assets.

27
28

**FIRST CAUSE OF ACTION**

**VOIDABLE TRANSACTION**

(UNIFORM VOIDABLE TRANSACTIONS ACT, CAL. CIV. CODE § 3439.04(a)(1))

(Against All Defendants)

22.     Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23.     Upon information and belief, Defendants engaged in multiple transfers of assets, with actual intent to hinder, delay, and/or defraud Plaintiff and its attempts to exercise its right to collect from Lin the amounts owed under the Final Award.  Each of the Defendants agreed and conspired with the others, and provided assistance with knowledge of the wrongdoing and otherwise aided and abetted one another, to achieve this unlawful goal.

24.     Upon information and belief, Defendants transferred Lin's valuable real property assets through multiple transactions and failed to receive a reasonably equivalent value in exchange for the transfers made or obligations incurred.  Chen paid no consideration for the transfers of the 31663 Broad Beach Road or 27487 Latigo Bay View properties.

25.     Upon information and belief, at the time the transfers were made or obligations incurred, Defendants were engaged, or about to engage, in a business or transaction, and Lin's remaining assets were unreasonably small in relation to those business or transactions.

26.     Upon information and belief, at the time the transfers were made or obligations incurred, Lin intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as the debts became due.  Lin knew that the liability he could face from the Final Award would be more than the value of his assets.

27.     Upon information and belief, Defendants engaged in, or purported to engage in, transfers and assumed obligations involving Lin's assets where the transfer and obligations involved insiders or close affiliates.  The transferee of the real properties was Lin's wife, Chen.

28.     Upon information and belief, Defendants engaged in, or purported to engage in, transfers and assumed obligations involving Lin's assets where Defendants retained possession or control of the property after the transfer.  These transfers and obligations include, but are not limited to, Defendants serving, or having served, as trustees, or being, or having been, beneficiaries to the Shinewoods Trust.

- 9 -

29.     Upon information and belief, Defendants engaged in, or purported to engage in, transfers and assumed obligations involving Lin's assets where the transfer or conveyance was concealed.

30.     Upon information and belief, Defendants engaged in, or purported to engage in, transfers and assumed obligations involving Lin's assets at a time when Lin had been sued or threatened with suit.  Transfers occurred after Plaintiff commenced an arbitration against Lin for breach of contract where Lin served as a joint and several guarantor.

31.     Upon information and belief, Defendants engaged in, or purported to engage in, transfers and assumed obligations where the alleged transfers and assumed rights encompassed substantially all of Lin's assets.

32.     Upon information and belief, Defendants engaged in transfers and assumed property rights that helped remove and conceal Lin's assets.

33.     Upon information and belief, Defendants engaged in transfers and assumed obligations that made Lin insolvent, or caused him to become insolvent shortly after the transfers were made.

34.     Upon information and belief, Defendants engaged in transfers involving Lin's assets shortly before a substantial debt was incurred.  Each of the Defendants absconded with the assets and/or aided and abetted and conspired with the other Defendants to do so.

35.     Plaintiff is entitled, but not limited, to (a) damages against each Defendant in an amount to be determined at trial, plus applicable interest, (b) avoidance of the transfers made or obligations incurred to the extent necessary to satisfy the Final Award, (c) an attachment of the assets transferred, (d) an injunction against further disposition by Defendants or a transferee, or both, of any asset transferred or other property of the transferee, and/or (e) the appointment of a receiver over the fraudulently transferred assets.

36.     Defendants' actions have been, and continue to be, malicious, oppressive, and willful, and engaged in with conscious disregard for Plaintiff's rights, thus justifying an award of exemplary and punitive damages.

**SECOND CAUSE OF ACTION**

- 10 -

**VOIDABLE TRANSACTION**

(UNIFORM VOIDABLE TRANSFER ACT, CAL. CIV. CODE § 3439.04(a)(2))

(Against All Defendants)

37.     Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

38.     Upon information and belief, Defendants exchanged Lin's valuable real property assets through multiple transactions and failed to receive a reasonably equivalent value in exchange for the transfers made or obligations incurred.  Chen paid no consideration for the transfers of the 31663 Broad Beach Road or 27487 Latigo Bay View properties.

39.     Upon information and belief, at the time the transfers were made or obligations incurred, Defendants were engaged or about to engage in a business or transaction, and Lin's remaining assets were unreasonably small in relation to those business or transactions.

40.     Upon information and belief, at the time the transfers were made or obligations incurred, Lin intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as the debts became due.

41.     Plaintiff is entitled, but not limited, to (a) damages against each Defendant in an amount to be determined at trial, plus applicable interest, (b) avoidance of the transfers made or obligations incurred to the extent necessary to satisfy the Final Award, (c) an attachment to the assets transferred, (d) an injunction against further disposition by Defendants or a transferee, or both, of any asset transferred or other property of the transferee, and/or (e) the appointment of a receiver over the fraudulently transferred assets.

**THIRD CAUSE OF ACTION**

**VOIDABLE TRANSACTION**

(UNIFORM VOIDABLE TRANSFER ACT, CAL. CIV. CODE § 3439.05)

(Against All Defendants)

42.     Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

43.     Upon information and belief, Defendants exchanged Lin's valuable real property

assets through multiple transactions and failed to receive a reasonably equivalent value in exchange for the transfers made or obligations incurred, and Lin was insolvent at the time of the transfers or became insolvent as a result of the transfers made or obligations incurred.

44.     Plaintiff is entitled, but not limited, to (a) damages against each Defendant in an amount to be determined at trial, plus applicable interest, (b) avoidance of the transfers made or obligations incurred to the extent necessary to satisfy the Final Award, (c) an attachment to the assets transferred, (d) an injunction against further disposition by Defendants or a transferee, or both, of any asset transferred or other property of the transferee, and/or (e) the appointment of a receiver over the fraudulent transferred Lin's assets.

## **FOURTH CAUSE OF ACTION**

### **COMMON LAW FRAUDULENT CONVEYANCE**

(Against All Defendants)

45.     Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

46.     Upon information and belief, Defendants engaged in multiple transfers involving Yao Lin's assets in order to deprive Plaintiff of its right as a creditor to recover the amounts owed under the Final Award.

47.     Upon information and belief, Defendants exchanged Lin's valuable real property assets through multiple transactions and failed to receive a reasonably equivalent value in exchange for the transfers made or obligations incurred, and Lin was insolvent at the time of the transfers or became insolvent as a result of the transfers made or obligations incurred.

48.     As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than the total amounts owed under the Final Award.

49.     Defendants' actions have been, and continue to be, malicious, oppressive, and willful, and engaged in with conscious disregard for Plaintiff's rights, thus justifying an award of exemplary and punitive damages.

## **FIFTH CAUSE OF ACTION**

- 12 -

1    **CONSPIRACY TO COMMIT FRAUDULENT CONVEYANCE**

2    (Against All Defendants)

3        50.    Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this

4    Complaint, as if fully set forth herein.

5        51.    Defendants formed a group and agreed to a common plan or design to, and did in

6    fact, intentionally hinder, delay, and defraud Plaintiff and its right to collect under the Final

7    Award by engaging in a series of transfers and conveyances with the intent of misrepresenting

8    and concealing the true ownership of Lin's assets.  Defendants knowingly participated in the

9    foregoing fraudulent transfers.

10        52.    As a direct and proximate result of Defendants' actions, Plaintiff has been

11    damaged in an amount to be proven at trial, but in no event not less than the total amounts owed

12    under the Final Award.

13        53.    Defendants' actions have been, and continue to be, malicious, oppressive, and

14    willful, and engaged in with conscious disregard for Plaintiff's rights, thus justifying an award of

15    exemplary and punitive damages.

16    **SIXTH CAUSE OF ACTION**

17    **AIDING AND ABETTING FRAUDULENT CONVEYANCE**

18    (Against All Defendants)

19        54.    Plaintiff realleges and incorporates by reference paragraphs 1 through 21 of this

20    Complaint, as if fully set forth herein.

21        55.    Defendants aided and abetted Lin in hindering, delaying, and defrauding Plaintiff

22    from the proper exercise of its rights as a creditor.  They knowingly participated in the foregoing

23    fraudulent transfers.

24        56.    As a direct and proximate result of Defendants' actions, Plaintiff has been

25    damaged in an amount to be proven at trial, but in no event less than the total amounts owed

26    under the Final Award.

27        57.    Defendants' actions have been, and continue to be, malicious, oppressive, and

28    willful, and engaged in with conscious disregard for Plaintiff's rights, thus justifying an award of

- 13 -

1    exemplary and punitive damages.

2                              **PRAYER FOR RELIEF**

3        WHEREFORE, Plaintiff prays for relief as follows:

4        (i)    For compensatory damages not less than the total amounts owed under the

5        Final Award;

6        (ii)   For punitive damages;

7        (iii)  For avoidance of unlawful transfers and injunction against further unlawful

8        transfers;

9        (iv)   For an accounting;

10       (v)    For disgorgement of unjust enrichment and a constructive trust;

11       (vi)   For involuntary dissolution;

12       (vii)  For appointment of a receiver over Defendants' assets;

13       (viii) For pre- and post-judgment interest;

14       (ix)   For attorneys' fees and costs of suit; and

15       (x)    For all such other and further relief as this Court may deem just and proper.

16       Dated:  September 16, 2022                O'MELVENY & MYERS LLP

17

18                                        By:    _/s/ Marc Feinstein_
                                                 Marc Feinstein
19                                        Attorneys for Plaintiff
                                          Beijing SouFun Science and Technology
20                                        Development Co., Ltd.

21

22

23

24

25

26

27

28

                                        - 14 -

                                       COMPLAINT

# EXHIBIT 1



**This page is part of your document - DO NOT DISCARD**



## 20190238746



**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/18/19 AT 08:00AM**

| | |
|---|---:|
| FEES: | 31.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 106.00 |



**L E A D S H E E T**



**201903180290018**

**00016375340**



**009695517**

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**



E535543

E08_190318_6473955

RECORDING REQUESTED BY

Stewart Title

AND WHEN RECORDED MAIL TO:

JIA CHEN

5519 Angelus Ave
San Gabriel, CA. 91776

THIS SPACE FOR RECORDER'S USE ONLY:

AP#: 4470-019-017                    **GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

**DOCUMENTARY TRANSFER TAX is $0.00**    'This is a bonafide gift and the grantor
received nothing in return, R & T 11911'

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [ ] City of **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**YAO LIN AND JIA CHEN, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF
SURVIVORSHIP**

hereby GRANT(s) to:

**JIA CHEN, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**

the real property in the  County of LOS ANGELES, State of California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

**Also Known as:** 31663 BROAD BEACH ROAD, MALIBU, CA 90265
"This conveyance establishes sole and separate property of a spouse, R & T 11911."

**ACCOMMODATION**
This Document delivered to Recorder
as an accommodation only at the
express request of the parties hereto.
It has not been examined as to
its effect or validity.

DATED: January 7, 2019                    Signature Page attached hereto
                                           and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

AP#: 4470-019-017

## SIGNATURE PAGE

**Title of Document:  GRANT DEED**

**Date of Document:** January 7, 2019

YAO LIN

JIA CHEN

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    People's Republic of China)
COUNTY OF                              Municipality of Beijing        ) SS:
On    JAN 2 9 2019                     Embassy of the United          )
before me,        Morgan Kuehne        States of America              )
A Notary Public personally appeared    Consular Associate
        Yao Lin

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

~~I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.~~

WITNESS my hand and official seal.

Signature

(Seal)

# EXHIBIT "A"

## LEGAL DESCRIPTION

The land referred to herein is situated in the State of California, County of Los Angeles, City of Malibu and described as follows:

Those portions of Lots 4, 5 and 7 of Tract No. 20658, in the City of Malibu, County of Los Angeles, State of California, as per map recorded in Book 579, Pages 9 and 10 of maps, in the Office of the County Recorder of said County, described as follows:

Beginning at the Northeast corner of said Lot 4; thence along the Easterly line of said Lot 4, South 10° 05' 30" West 82.00 feet to the Easterly prolongation of the Northerly line of Lot 5; thence along said prolongation and along said Northerly line North 82° 02' 55' West 76.00 feet to a line parallel with the Easterly line o said Lot 5 that passes through point in the Southerly line of said lot 5 distant North 79° 54' 30' West 76.00 feet from the Southeast, corner of said Lot 4; thence along said parallel line, South 10° 05'30" West 100.00 feet to the Southerly line of said lot 5; thence along said southerly line, North 79° 54' 30" West 10.00 feet to a point in said Southerly line distant South 79° 54' 30" East 69.00 feet from the Southwest corner of said Lot 5; thence parallel with the Easterly line of said lot 5, North 10° 05' 30" East 99.50 feet to the Northerly line of said Lot 5; thence Northwesterly, in a direct line South 70° 43' 58" West 39.00 feet from the most Northerly corner of said Lot 7; thence along said Northwesterly line, North 70° 43' 58" East 39.00 feet to said most Northerly corner; thence along the Northeasterly line of Lots 7 and 4, South 66° 28' 30" East 107.11 feet to the point of beginning.

Except therefrom all oil, gas, minerals and other hydrocarbon, below a depth of 500 feet, without the right of surface entry, as reserved in instrument of record.

APN: 4470-019-017

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of Los Angeles** } s.s

On ___March 11, 2019___ before me, ___Brenda Machuca V.___, NOTARY PUBLIC,

personally appeared _____ JIA CHEN _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

BRENDA MACHUCA V.
Notary Public - California
Los Angeles County
Commission # 2194619
My Comm. Expires Apr 29, 2021

Seal

------------------------OPTIONAL INFORMATION------------------------
Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons on the attached document.

Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a

document titled/for the purpose of ___GRANT Deed.___
___APD#: 4470 - 019 - 017___
Containing __3__ pages, and dated ___Jan. 7, 2019___

# **EXHIBIT 2**



**This page is part of your document - DO NOT DISCARD**

## 20211655794





**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**11/04/21 AT 03:23PM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |



**L E A D S H E E T**



202111042840082

**00021380661**



012801768

**SEQ:**
**01**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**



PREPARED AND RECORDING REQUESTED BY:

    SEDRIC E. COLLINS
    *Attorney at Law*
    Legacy One Law Firm
    12400 Wilshire Blvd Suite 400
    Los Angeles, California 90025
    323 405-7017

**21380661**

**Batch Number: 12801768**

WHEN RECORDED, MAIL TO
AND MAIL TAX STATEMENTS TO:

    Jia Chen, as Trustee
    31663 Broad Beach Rd.
    Malibu, CA 90265

*THIS SPACE FOR RECORDER'S USE ONLY*

**APN:** 4470-019-017

# GRANT DEED TO A REVOCABLE TRUST

The undersigned Grantor declares that this conveyance transfers Grantor's interest to
Grantor's revocable living trust for zero ("0") consideration
This conveyance transfers an interest into or out of a Living Trust, R & T §11930.
**Documentary Transfer Tax is $0.00**

Exempt from fee per Gov. Code §27388.1(a)(2); document transfers real property that is a residential dwelling to an owner-occupier.

    ☒    City of Malibu

    ☐    Unincorporated Area of _____

JIA CHEN, a married woman, as her sole and separate property, the GRANTOR,

HEREBY GRANTS TO

JIA CHEN, as Trustee of THE SHINEWOODS TRUST, DATED OCTOBER 8, 2021, U/A dated October 8, 2021, the GRANTEE,

All of THAT PROPERTY situated in the County of Los Angeles, State of California, more commonly known as 31663 Broad Beach Rd., Malibu, CA 90265; which property is bounded and described as set forth in Exhibit "A" (attached hereto and incorporated herein by reference).

SUBJECT TO the Restrictions, Conditions, Covenants, Rights, Rights of Way, and Easements now of record, if any.

The then-acting Trustee has the power and authority to encumber or otherwise to manage and dispose of the hereinabove described real property; including, but not limited to, the power to convey.

Executed on October 8, 2021, in Los Angeles County, California.

**JIA CHEN**

## EXHIBIT "A"

### LEGAL DESCRIPTION

The land referred to herein is situated in the State of California, County of Los Angeles, City of Malibu and described as follows:

Those portions of Lots 4, 5 and 7 of Tract No. 20858, in the City of Malibu, County of Los Angeles, State of California, as per map recorded in Book 579, Pages 9 and 10 of maps, in the Office of the County Recorder of said County; described as follows:

Beginning at the Northeast corner of said Lot 4; thence along the Easterly line of said Lot 4, South 10° 05' 30" West 82.00 feet to the Easterly prolongation of the Northerly line of Lot 5; thence along said prolongation and along said Northerly line North 82° 02' 55" West 76.00 feet to a line parallel with the Easterly line o said Lot 5 that passes through point in the Southerly line of said lot 5 distant North 79° 54' 30' West 76.00 feet from the Southeast corner of said Lot 4; thence along said parallel line, South 10° 05'30" West 100.00 feet to the Southerly line of said lot 5; thence along said southerly line, North 79° 54' 30" West 10.00 feet to a point in said Southerly line distant South 79° 54' 30" East 69.00 feet from the Southwest corner of said Lot 5; thence parallel with the Easterly line of said lot 6, North 10° 05' 30" East 99.60 feet to the Northerly line of said Lot 5; thence Northwesterly, in a direct line South 70° 43' 56" West 39.00 feet from the most Northerly corner of said Lot 7; thence along said Northwesterly line, North 70° 43' 56" East 39.00 feet to said most Northerly corner; thence along the Northeasterly line of Lots 7 and 4, South 66° 28' 30" East 107.11 feet to the point of beginning.

Except therefrom all oil, gas, minerals and other hydrocarbon, below a depth of 500 feet, without the right of surface entry, as reserved in instrument of record.

APN: 4470-019-017

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES    *B.G. Williams*

On October 8, 2021, before me, BERNICE WILLIAMS, a Notary Public, personally appeared JIA CHEN, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

B. G. WILLIAMS
COMM. #2242424
Notary Public - California
Los Angeles County
My Comm. Expires May 30, 2022

Notary Public Seal

# **<u>EXHIBIT 3</u>**

▲ 

**This page is part of your document - DO NOT DISCARD**



## 20190238747



**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**03/18/19 AT 08:00AM**

| | | |
|---|---|---:|
| FEES: | | 31.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| SB2: | | 75.00 |
| PAID: | | 106.00 |

▲      ▲



**L E A D S H E E T**



**201903180290018**

**00016375341**



**009695517**

**SEQ:**
**02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

▲    *E535543*    ▲    E08_190318_6... 55



RECORDING REQUESTED BY:

*Stewart Title*

AND WHEN RECORDED MAIL TO:

JIA CHEN
*5579 Angelus Ave*
*San Gabriel, CA. 91776*

THIS SPACE FOR RECORDER'S USE ONLY:

---

AP#: 4460-035-010                          **GRANT DEED**

---

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

### DOCUMENTARY TRANSFER TAX is $ 0.00

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [ ] City of **AND**                          "This is a bonafide gift and the grantor
                                                                        received nothing in return. R & T 11911"

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**YAO LIN AND JIA CHEN, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF
SURVIVORSHIP**

hereby GRANT(s) to:

**JIA CHEN, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**

the real property in the  County of LOS ANGELES, State of California, described as:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

**Also Known as:** 27487 LATIGO BAY VIEW DRIVE, MALIBU, CA 90265
"This conveyance establishes sole and separate property of a spouse, R & T 11911."

**ACCOMMODATION**
This Document delivered to Recorder
as an accommodation only at the
express request of the parties hereto,
It has not been examined as to
its effect or validity.

DATED:  January 7, 2019                          Signature Page attached hereto
                                                  and made a part hereof

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

AP#: 4460-035-010

## SIGNATURE PAGE

**Title of Document:  GRANT DEED**

**Date of Document:** January 7, 2019

YAO LIN
_____
YAO LIN

_____
JIA CHEN

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          People's Republic of China)
COUNTY OF                    Municipality of Beijing    ) SS:
On    JAN 29 2019  Morgan Kuehne  Embassy of the United )
before me,         Consular Associate  States of America )
A Notary Public personally appeared

       Yao Lin
_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

~~I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.~~

WITNESS my hand and official seal.

Signature _____          (Seal)

## LEGAL DESCRIPTION
### EXHIBIT "A"

The land referred to herein is situated in the State of California, County of Los Angeles, City of Malibu and described as follows:

Parcel 1:
Lot 10, of Tract No. 46851, in the City of Malibu, County of Los Angeles, State of California, as per map recorded in Book 1171 Pages 62 to 73, inclusive of Maps, in the Office of the County Recorder of said County.

Excepting therefrom all minerals, oil, petroleum, asphaltum, gas, coal and other thereof, but without surface right of entry, as reserved by Marblehead Land Company, in deed recorded March 4, 1947 as Instrument No. 1036 in Book 24232, Page 380, of Official Records.

Parcel 2:
An easement for road purposes and ingress and egress over those certain strips of land designated as "Private Driveway and Fire Lane" and "Private Streets", as designated and delineated on the map of said Tract No. 46851.

APN: 4460-035-010

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of Los Angeles** } s.s

On _March 11, 2019_ before me, _Brenda Machuca V._, NOTARY PUBLIC,

personally appeared _JIA CHEN_ ⸺⸺⸺

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

**BRENDA MACHUCA V.**
Notary Public - California
Los Angeles County
Commission # 2194619
My Comm. Expires Apr 29, 2021

Seal

⸺⸺⸺⸺⸺⸺OPTIONAL INFORMATION⸺⸺⸺⸺⸺⸺
Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons on the attached document.

Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a

document titled/for the purpose of _Grant Deed._
_APt: 4460-035-010_
Containing _3_ pages, and dated _Jan. 7, 2019_

# **EXHIBIT 4**



**This page is part of your document - DO NOT DISCARD**



# 20211870687



**Pages:
0004**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**12/16/21 AT 01:09PM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 103.00 |



**L E A D S H E E T**



202112162910028

00021636871



012959982

**SEQ:
01**

DAR - Mail (Intake)



**THIS FORM IS NOT TO BE DUPLICATED**

E123753

PREPARED AND RECORDING REQUESTED BY:

SEDRIC E. COLLINS
*Attorney at Law*
Legacy One Law Firm
12400 Wilshire Blvd Suite 400
Los Angeles, California 90025
323 405-7017



21636871

Batch Number: 12959982

WHEN RECORDED, MAIL TO
AND MAIL TAX STATEMENTS TO:

Jia Chen, as Trustee
31663 Broad Beach Rd.
Malibu, CA 90265

*THIS SPACE FOR RECORDER'S USE ONLY*

**APN:** 4460-035-010

# GRANT DEED TO A REVOCABLE TRUST

The undersigned Grantor declares that this conveyance transfers Grantor's interest to
Grantor's revocable living trust for zero ("0") consideration
This conveyance transfers an interest into or out of a Living Trust, R & T §11930.
**Documentary Transfer Tax is $0.00**

☒      City of Malibu

☐      Unincorporated Area of _____

JIA CHEN, a married woman, as her sole and separate property, the GRANTOR,

HEREBY GRANTS TO

JIA CHEN, as Trustee of THE SHINEWOODS TRUST, DATED OCTOBER 8, 2021, U/A dated October 8, 2021, the GRANTEE,

All of THAT PROPERTY situated in the County of Los Angeles, State of California, more commonly known as 27487 Latigo Bay View Drive, Malibu, CA 90265; which property is bounded and described as set forth in Exhibit "A" (attached hereto and incorporated herein by reference).

SUBJECT TO the Restrictions, Conditions, Covenants, Rights, Rights of Way, and Easements now of record, if any.

The then-acting Trustee has the power and authority to encumber or otherwise to manage and dispose of the hereinabove described real property; including, but not limited to, the power to convey.

Executed on 11/17/2021, 2021, in Los Angeles County, California.

_____
**JIA CHEN**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On November 17 , 2021, before me, Nathan Schields , a Notary Public, personally appeared JIA CHEN, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

NATHAN SCHIELDS
Comm. #2312231
Notary Public·California
Ventura County
Comm. Expires Nov 10, 2023

Notary Public Seal

## LEGAL DESCRIPTION
## EXHIBIT "A"

The land referred to herein is situated in the State of California, County of Los Angeles, City of Malibu and described as follows:

Parcel 1:
Lot 10, of Tract No. 46851, in the City of Malibu, County of Los Angeles, State of California, as per map recorded in Book 1171 Pages 62 to 73, inclusive of Maps, in the Office of the County Recorder of said County.

Excepting therefrom all minerals, oil, petroleum, asphaltum, gas, coal and other thereof, but without surface right of entry, as reserved by Marblehead Land Company, in deed recorded March 4, 1947 as Instrument No. 1036 in Book 24232, Page 380, of Official Records.


Parcel 2:
An easement for road purposes and ingress and egress over those certain strips of land designated as "Private Driveway and Fire Lane" and "Private Streets", as designated and delineated on the map of said Tract No. 46851.


APN: 4460-035-010

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>BEIJING SOUFUN SCIENCE AND<br>TECHNOLOGY DEVELOPMENT CO., LTD. | DEFENDANTS<br>YAO LIN |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>O'MELVENY & MYERS LLP<br>400 South Hope Street, Los Angeles, California 90071<br>(213) 430-6000 | ATTORNEYS (If Known)<br>Jonathan J. Lo - LO & LO LLP<br>506 North Garfield Avenue, Suite 280, Alhambra, CA 91801<br>626-289-8838 |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☒ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

TO DETERMINE DEBT TO BE NON-DISCHARGEABLE PER 11 USC §§ 523(a)(2)(A), (a)(6); OBJECTION TO DISCHARGE PER 11 USC § 727; FRAUDULENT CONVEYANCE, PURSUANT TO, INTER ALIA, CAL. CIV. CODE §§ 3439.04(a)(1), (2), 3439.05, AND AS SET FORTH IN COMPLAINT ATTACHED AS EXHIBIT A TO COMPLAINT FOR THIS ADVERSARY PROCEEDING; REQUEST FOR INTEREST, ATTORNEY'S FEES & OTHER COSTS.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>□ 11-Recovery of money/property - §542 turnover of property<br>□ 12-Recovery of money/property - §547 preference<br>□ 13-Recovery of money/property - §548 fraudulent transfer<br>□ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>□ 61-Dischargeability - §523(a)(5), domestic support<br>☒ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>□ 63-Dischargeability - §523(a)(8), student loan<br>□ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br> (other than domestic support)<br>☒ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>□ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>□ 71-Injunctive relief – imposition of stay<br>□ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>□ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>□ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☒ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>□ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>□ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>□ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br> actual fraud<br>□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>**(continued next column)** | **Other**<br>□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☒ 02-Other (e.g. other actions that would have been brought in state court<br> if unrelated to bankruptcy case) |

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $   At least $21,165,155.97 |

Other Relief Sought

Interest, attorneys fees and other costs, and such other and further relief as the Court deems appropriate.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>YAO LIN | BANKRUPTCY CASE NO.<br>1:23−bk−10733−MB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando | NAME OF JUDGE<br>Martin R. Barash |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*/s/ Karen Rinehart* | | |
| DATE<br><br>September 7, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Sæ⊦^} ÄÜậ ^@æ̀ç | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.