| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leodis C. Matthews [SBN 109064]<br>Dick P. Sindicich [SBN 78162]<br>Zhong Lun Law Firm LLP<br>4322 Wilshire Blvd. Suite 200<br>Los Angeles, cA 90010<br>Tel. 323-930-5690<br>Fax. 323-930-5693<br>LeodisMatthews@zhonglun.com<br>DickSindicich@zhonglun.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Plaintiff Beijing SouFun and Technology | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br>Yao Lin<br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:23-ap-01036-MB<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR ORDER WITHOUT A HEARING**<br><br>**[LBR 9013-1(p) or (q)]**<br><br>[No hearing required] |
|---|---|

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Plaintiff Beijing SouFun and Technology _____,
   filed a motion or application (Motion) entitled Plaintiff's Emergency Motion for Leave to File Late Opposition to Motion for Summary Judgment [DOC 30] _____ .

2. Movant(s) requests that the court grant the motion without a hearing as provided for in:

   ☐ LBR 9013-1(p), which, in addition to notice via Notice of Electronic Filing, requires the motion to be served on additional parties as specified in LBR _____; or

   ☒ LBR 9013-1(q), which requires service of the motion only on parties via Notice of Electronic Filing.

3. The motion is based upon the legal and factual grounds set forth in the motion. (*Check appropriate box below*):

   ☒ The full motion is attached to this notice; or

   ☐ The full motion was filed with the court as docket entry # ___, and a detailed description of the relief sought is attached to this notice.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 1                    F 9013-1.2.NO.HEARING.NOTICE

4. Movant will promptly lodge an order that the court may use to rule on the motion, as the court may rule on the motion without a hearing and without an opportunity for any party to file a request for a hearing,.

Respectfully submitted,

Date: 07/03/2025

/s/ Leodis C. Matthews
Signature of Movant or attorney for Movant

LEODIS C. MATTHEWS
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*　　　　　　　　　　　　　　　Page 2　　　　　　　　　　　F 9013-1.2.NO.HEARING.NOTICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Zhong Lun Law Firm LLP 4322 Wilshire Blvd. Suite 200, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(p) or (q)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/03/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amy L Goldman (TR): marisol.jaramillo@lewisbrisbois.com; AGoldman@iq7technology.com;ecf.alert +Goldman@titlexi.com; Jonathan J. Lo: contact@lolollp.com; jonathan@lolollp.com; Kelvin J Lo: bklolaw@gmail.com; United States Trustee (SV):ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/03/2025 | PEONIE CHEN | /s/ Peonie Chen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

LEODIS C. MATTHEWS (SBN 109064)
E-mail: LeodisMatthews@ZhongLun.com
**ZHONG LUN LAW FIRM LLP**
4322 Wilshire Blvd., Suite 200
Los Angeles, California 90010
Telephone: (323) 930-5690
Facsimile: (323) 930-5693

Attorney for Plaintiff BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY

| | |
|---|---|
| In re:<br><br>Yao Lin | Case No. 1:23-bk-10733-MB<br>Adv. No. 1:23-ap-01036-MB<br>Chapter 7<br><br>Hon. Martin R. Barash<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE LATE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC 30]; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL**<br><br>DATE: 07/17/2025<br>TIME: 2:30 PM<br>COURTROOM: 303<br>PLACE: 21041 BURBANK BLVD.<br>            WOODLAND HILLS, CA |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, DEFENDANT YAO LIN, AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that Plaintiff BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD. ("Plaintiff" or "BSF") hereby moves for leave to file its Opposition to Defendant YAO LIN's Motion for Summary Judgment (the "MSJ") [ECF 30] after the expiration of the 14-day deadline prescribed by Local Bankruptcy Rule 7056-1(c)(1)(B) and LBR 9013-1(f).

On June 24, 2025, the Plaintiff's counsel emailed the Defendants' counsel to request a 30-day extension for responding to the opposition. However, after follow-up calls to inquire about the Defendant's position, it was communicated on July 1, 2025, that the Defendant did not agree to the extension. (See Declaration of Leodis C. Matthews ("Decl. LCM") ¶6.)

This Application is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Leodis C. Matthews, the pleadings and records on file, and any matters the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant's Motion for Summary Judgment was filed on May 15, 2025, and is set for hearing on July 17, 2025. Pursuant to Local Bankruptcy Rules 7056-1(c)(1)(B) and 9013-1(f), Plaintiff's Opposition was due no later than June 26, 2025. Due to a combination of unanticipated circumstances, Plaintiff was unable to meet that deadline despite diligent efforts. Plaintiff's delay was neither strategic nor dilatory. Rather, it was the product of a confluence of events that fall squarely within the legal definition of "excusable neglect." Therefore, Plaintiff now seeks limited relief, leave to file its Opposition out of time, and to preserve its right to be heard on

the merits of a dispositive motion that raises complex issues of intent, fraud, and nondischargeability under 11 U.S.C. §§ 523 and 727.

## II.   RELIEF REQUESTED

Plaintiff respectfully requests leave to file a late Opposition to the MSJ [Dkt. 30], and that the Court either (1) deem the Opposition timely filed as of July 24, 2025, or (2) extend the deadline pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1). Plaintiff further requests, to the extent necessary, a corresponding adjustment to the hearing date to allow Defendant sufficient time to reply. Decl. LCM, ¶7.

## III.   LEGAL STANDARD

Under Federal Rule of Bankruptcy Procedure 9006(b)(1) governs enlargements of time and provides that, "[w]hen an act is required…within a specified period…by order of court, the court for cause shown may at any time in its discretion…permit the act to be done where the failure to act was the result of excusable neglect."

The Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), sets forth the standard for determining "excusable neglect," listing four non-exclusive factors: (1) prejudice to the opposing party; (2) length of delay and potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) whether the movant acted in good faith.

Courts in the Ninth Circuit apply the Pioneer test to determine whether a late filing should be permitted under Rule 9006(b). See, e.g., *In re Sasson*, 424 F.3d 864, 870 (9th Cir. 2005); *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 239 (D. Nev. 2017).

Fed. R. Civ. P. 6(b)(1)(A) the Court may, for good cause, extend a deadline before it expires. The Ninth Circuit "applies Rule 6(b) liberally to ensure cases are decided on their merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Good cause factors include (1) the danger of prejudice to the opposing party, (2) the length of the delay, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *Ahanchian*, 624 F.3d at 1261.

Local Rule 9075-1 (a) permits emergency hearing on 48 hours of notice or less, as here, timely relief cannot be obtained through a regularly noticed motion and the applicant demonstrates reasonable diligence.

## IV.   ARGUMENT

Pursuant to the Federal Rules of Civil Procedure, when an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts or if a request is made before the original time or its extension expires. Fed. R. Civ. Pro. 6(b)(1)(A).  As the Ninth Circuit has emphasized, courts have broad discretion to manage their dockets and grant continuance when good cause is shown. See *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985). Defendant's motion for summary judgment involves several legal theories and extensive evidence. Sufficient briefing on these substantive issues requires adequate preparation time. Decl. LCM, ¶7.

   a. <u>Plaintiff's Failure to Timely File Was Due to Excusable Neglect.</u>

The delay on the part of the Plaintiff was not due to bad faith or willful neglect. Instead, it was a result of significant workload, overlapping court deadlines, and a calendaring error stemming from a staff transition. Additionally, the unexpected engagement of the Plaintiff's lead counsel in a criminal matter that carries a potential life sentence constitutes "circumstances beyond the control of the attorney," which

justifies granting an extension. This is supported by *Ahanchian*, 624 F.3d at 1262, which states that conflicts arising from trial preparation can warrant such an extension. The lead counsel had to unexpectedly prepare for and represent a client in a scheduled preliminary and bail hearing for the criminal case. (See Decl. LCM ¶ 5.)

Courts routinely recognize that "excusable neglect" may include "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Plaintiff acted promptly once it became aware of the default and now seeks leave without undue delay. The length of delay is minimal and will not materially disrupt the case schedule.

b. <u>No Prejudice Will Result to the Defendant</u>

Granting an extension of fourteen days will not harm the Defendants. On the other hand, denying this request may result in decisions being made based on an incomplete record, which is discouraged by Ninth Circuit precedent. Without the requested out-of-time opportunity to file an opposition, Plaintiff's counsel will be unable to fulfill its professional obligations and adequately present its case. Decl. LCM, ¶12. No party will suffer any prejudice from this short extension. *Id*. No trial or other scheduling deadlines are affected. To the contrary, having properly and comprehensively briefed motions benefits both the Court and parties, and likely conserves resources by avoiding piecemeal or supplemental motions.

c. <u>The Interests of Justice Favor a Decision on the Merits</u>

Courts strongly favor resolution of cases on the merits rather than by procedural default. See *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Given the complexity and factual disputes raised in the Defendant's Motion for Summary Judgment (MSJ), it would be prejudicial to adjudicate the matter without full briefing from the Plaintiff.

      d. <u>Plaintiff Acted in Good Faith</u>

Plaintiff has not engaged in dilatory tactics and promptly brings this motion for relief upon discovering the lapse. This weighs heavily in favor of granting leave. See *Pincay v. Andrews*, 389 F.3d 853, 861 (9th Cir. 2004) ("[W]e conclude that a single mistake by counsel that results in missing a deadline satisfies the good faith requirement under Pioneer.").

**V.  CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file Plaintiff's Opposition to Defendant's Motion for Summary Judgment after the deadline; deem the opposition timely filed as of July 24, 2025, or extend the time to that date under Rule 9006(b).

Dated: July 3, 2025                         Respectfully submitted,

                                         ZHONG LUN LAW FIRM LLP

                          By:  <u>/s/Leodis C. Matthews</u>
                                  Leodis C. Matthews
                                  *Attorney for Plaintiff*

LEODIS C. MATTHEWS (SBN 109064)
E-mail: LeodisMatthews@ZhongLun.com
**ZHONG LUN LAW FIRM LLP**
4322 Wilshire Blvd., Suite 200
Los Angeles, California 90010
Telephone: (323) 930-5690
Facsimile: (323) 930-5693

Attorney for Plaintiff BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY**

| | |
|---|---|
| In re:<br><br>Yao Lin | Case No. 1:23-bk-10733-MB<br>Adv. No. 1:23-ap-01036-MB<br>Chapter 7<br><br>Hon. Martin R. Barash<br><br>**DECLARATION IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE LATE OPPOSITION OUT OF TIME TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC 30]**<br><br>DATE: 07/17/2025<br>TIME: 2:30 PM<br>COURTROOM: 303<br>PLACE: 21041 BURBANK BLVD.<br>            WOODLAND HILLS, CA |

DECLARATION IN SUPPORT OF EMERGENCY MOTION
1

I, Leodis C. Matthews, declare and affirm:

1. I am an attorney duly licensed to practice law before all courts in the State of California and am admitted to practice before the United States District Court for the Central District of California. I am counsel of record for Plaintiff Beijing SouFun Science and Technology Development Co., Ltd. ("Plaintiff" or "BSF") in the above-captioned adversary proceeding. I make this declaration in support of Plaintiff's Motion for Leave to File Opposition to Defendant's Motion for Summary Judgment Out of Time.

2. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could and would competently testify to the same.

3. On May 15, 2025, Defendant Yao Lin filed a Motion for Summary Judgment or, in the alternative, Summary Adjudication (Dkt. 30). Per Local Bankruptcy Rule 7056-1(c)(1)(B), Plaintiff's opposition was due by June 26, 2025.

4. The undersigned and Plaintiff's litigation team were unable to file the opposition by that deadline due to a combination of unforeseen and excusable circumstances, internal calendaring error caused by overlapping deadlines in other matters pending before the U.S. District Court and international counsel consultation delays relating to the underlying arbitral award issued in China and staff transition in our office in late May that affected the timely review and filing of draft pleadings.

5. From June 17 through June 21, I was unexpectedly unavailable, among other reasons, to prepare and participate in initial hearings in a criminal case that could lead to life imprisonment. This conflicted with my time to complete the oppositions to the multiple dispositive motions. Furthermore, the co-counsels assigned to this matter were on a pre-approved leave during the period of my obligations related to the criminal hearing.

DECLARATION IN SUPPORT OF EMERGENCY MOTION

2

Case 1:23-ap-01036-MB    Doc 35    Filed 07/03/25    Entered 07/03/25 15:30:31    Desc
Main Document    Page 12 of 15

6. On June 24, 2025, the Plaintiff's counsel emailed the Defendants' counsel to request a 30-day extension for responding to the opposition. However, after follow-up calls to inquire about the Defendant's position, it was communicated on July 1, 2025, that the Defendant did not agree to the extension.

7. Plaintiff's opposition is in the midst of finalization and will be ready for filing by July 24, 2025. Plaintiff is not seeking to cause delay or gain tactical advantage but simply seeks a fair opportunity to be heard on the merits of a dispositive motion.

8. Defendant's motion raises complex factual and legal issues concerning alleged fraudulent transfers, intent under § 523(a)(6), and factual disputes surrounding property conveyances and valuations, which should not be adjudicated without adversarial testing.

9. Granting the requested relief will not prejudice Defendant. The hearing on the MSJ is currently set for July 17, 2025, two weeks away. Defendant will have sufficient time to file a reply brief if the Court grants this motion.

10. I believe in good faith that Plaintiff's position has merit and that excusable neglect exists under the factors articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), and adopted by the Ninth Circuit. It is my professional judgment that the equities favor permitting a late-filed opposition brief.

11. This motion is brought promptly upon discovery of the calendaring lapse and finalization of the opposition. Plaintiff respectfully requests that the Court permit late filing and consider the opposition on its merits.

12. Without the opportunity to oppose Defendant's Motion for Summary Judgment, Plaintiff's counsel will be unable to fulfill its professional obligations and adequately present its case. No party will suffer any prejudice from this short extension.

DECLARATION IN SUPPORT OF EMERGENCY MOTION
3

Case 1:23-ap-01036-MB    Doc 35    Filed 07/03/25    Entered 07/03/25 15:30:31    Desc
Main Document    Page 13 of 15

I have read the foregoing contents of my declaration and know its content. I declare under the penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct and are based on my personal knowledge. This Certification was signed by me on July 3, 2025, in Los Angeles, California.

By: _____
*Leodis C. Matthews*

DECLARATION IN SUPPORT OF EMERGENCY MOTION
4

LEODIS C. MATTHEWS (SBN 109064)
E-mail: LeodisMatthews@ZhongLun.com
**ZHONG LUN LAW FIRM LLP**
4322 Wilshire Blvd., Suite 200
Los Angeles, California 90010
Telephone: (323) 930-5690
Facsimile: (323) 930-5693

Attorney for Plaintiff BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD.

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY**

| | |
|---|---|
| In re:<br><br>Yao Lin | Case No. 1:23-bk-10733-MB<br>Adv. No. 1:23-ap-01036-MB<br>Chapter 7<br><br>Hon. Martin R. Barash<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE LATE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DOC 30]** |

1

# [PROPOSED] ORDER

Plaintiff BEIJING SOUFUN SCIENCE AND TECHNOLOGY DEVELOPMENT CO., LTD. ("Plaintiff" or "BSF")'s emergency motion for leave to file a late opposition to Defendant YAO LIN's Motion for Summary Judgment (the "MSJ") [ECF 30] after the expiration of the 14-day deadline prescribed by Local Bankruptcy Rule 7056-1(c)(1)(B) and LBR 9013-1(f) came before the Court on _____, 2025, at ___ a.m./p.m. in courtroom 303 of the Courthouse, located at 21041 Burbank Blvd., Woodland Hills, CA 91367, with the Honorable Martin R. Barash presiding.

The Court, having reviewed the moving, opposing, and reply papers, and all other evidence and matters presented, and finding good cause:

1. Plaintiff's deadline to file and serve opposition papers to Defendant's MSJ is deemed timely filed on July 24, 2025;

2. The MSJ hearing date is continued to _____, 2025, to allow Defendant sufficient time to reply to Plaintiff's Opposition.

**IT IS SO ORDERED.**

Dated: _____, 2025    By: _____
                                    Hon. Martin R. Barash
                                    Judge of the Central District of California